UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BARBARA FRANK | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 07-4928 |
| | * | |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, ET AL. | * | SECTION "B"(5) |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Rec. Doc. No. 11) submitted by Defendant, American Bankers Insurance Company of Florida ("ABICOF"). Plaintiff, Barbara Frank ("Frank"), filed a Memorandum in Opposition to the Motion for Summary Judgment (Rec. Doc. No. 14). ABICOF and Frank also filed one reply brief each (Rec. Doc. Nos. 18 and 21, respectively). After review of the motion, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that ABICOF's Motion for Summary Judgment (Rec. Doc. No. 11) is hereby **GRANTED**.

### *BACKGROUND*

This lawsuit arises out of damages caused by Hurricane Katrina to the multi-family residence owned by Barbara Frank and covered under her Standard Flood Insurance Policy ("SFIP") administered by ABICOF. Frank submitted a claim for benefits under this SFIP, which provided coverage of $88,000, subject to a $500 deductible. Upon receipt of Frank's claim, ABICOF began the process of adjusting this claim for insurance proceeds by providing an

1

independent adjuster, Cortez E. Fowler ("Fowler"), to help Frank determine the extent of damage to her property. Upon completing his adjustment of the property, Fowler determined that Frank was entitled to $66,331.12, after accounting for depreciation and the $500 deductible. After receiving the Proof of Loss documenting these damages, ABICOF paid the $66,331.12 to Frank.

Frank has filed this lawsuit because she now seeks additional funds from ABICOF beyond the $66,331.12 that she was already paid. However, Frank has failed to provide a timely Proof of Loss for the additional insurance proceeds that she currently seeks, which is required by her SFIP under Article VII(J)(4). *See* Dwelling Policy Form, *available at* http://www.fema.gov/pdf/nfip/dp126.pdf. Although Frank did submit an estimate for repairs to ABICOF on January 8, 2009, this submission did not fall within the time limit for submitting documentation that is required by the SFIP. (The estimate was submitted three years and four months after Hurricane Katrina and one year and four months after the commencement of this lawsuit.) As a result, ABICOF now seeks summary judgment of Frank's claim.

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Proof of Loss Requirement**

Plaintiff's submissions to the Court show that it is undisputed that Frank failed to submit a Proof of Loss for the damage she claims to have incurred beyond the $66,331.12 already awarded by ABICOF (*see* Pl.'s Mem. in Opp'n to Mot. for Summ. J. 3-4; Pl.'s Statement of Material Facts ¶ 3). Furthermore, Frank's deposition testimony and requests for admission propounded by ABICOF reflect Plaintiff's admission that she never submitted a Proof of Loss for any losses beyond the $66,331.12 already awarded

3

(*see* ABICOF's Mem. in Supp. of Mot. for Summ. J. 8-10). As a result, there is no genuine issue as to the fact that no Proof of Loss was submitted for the claims that Plaintiff is pursuing in this lawsuit.

Because no Proof of Loss was filed for these claims, ABICOF is entitled to judgment as a matter of law. Article VII(R) of Frank's SFIP specifically states, "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." This language establishes a clear prerequisite that Plaintiff must file a Proof of Loss within the time period required by the SFIP under Article VII(J)(4) (usually sixty days, but extended to one year by the Federal Insurance Administrator for Hurricane Katrina claims (*see* Rec. Doc. No. 11-7)). Furthermore, "the POL requirement – contained in a provision of an insurance policy issued pursuant to a federal program – must be 'strictly construed and enforced.'" *Richardson v. Am. Bankers Ins. Co. of Florida*, 279 F. App'x 295, 298 (5th Cir. 2008) (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). Therefore, because Plaintiff failed to meet the Proof of Loss requirements of the SFIP, her claim for damages in this lawsuit must fail.

**C. Documentation Requirement**

Plaintiff's submissions to the Court show that it is undisputed that Frank failed to submit timely documentation for the damage she claims to have incurred beyond the $66,331.12 already

4

awarded by ABICOF (see Pl.'s Mem. in Opp'n to Mot. for Summ. J. 4; Pl.'s Statement of Material Facts ¶ 4). Although Plaintiff did submit to ABICOF an estimate for the additional damage beyond the $66,331.12 already awarded, she did not submit this estimate to ABICOF until three years and four months after the date of the loss. Because the submission of this estimate was untimely under the requirements of Articles VII(J)(3) and VII(J)(4)(f) of Frank's SFIP, Plaintiff cannot recover for her additional claims.

In *Trosclair v. State Farm Fire and Casualty Company*, Judge Engelhardt determined that estimates submitted during the course of a lawsuit are insufficient to cure pre-suit deficiencies. No. 07-4616, 2008 WL 5157715, at *3 (E.D. La. Dec. 9, 2008). Judge Vance similarly held that "the SFIP requires claimants to submit supporting documents *before* suing for further benefits so that the WYO carrier can 'evaluate the "merits of the claim."' . . . [Plaintiffs] have not done so, and their failure to document their loss before filing suit is fatal to their claim." *Markey v. Louisiana Citizens Fair Plan*, No. 06-5473, 2009 WL 23858, at *2-3 (E.D. La. Jan. 5, 2009). Because Frank has failed to submit timely documentation of her claimed losses beyond the $66,331.12 already awarded, summary judgment in favor of ABICOF is proper.

**D. State-Law Extra-Contractual Claims and Interest**

ABICOF also seeks summary judgment over Frank's state-law extra-contractual claims and claims for interest and depreciation.

ABICOF correctly contends that Plaintiff's state-law extra-contractual claim regarding the handling of Frank's claim by the adjuster is preempted by federal law. *See Blakely v. Fidelity Nat'l Prop. & Cas. Co.*, No. 06-4607, 2008 WL 482731, at *3 (E.D. La. Feb. 19, 2008). Because U.S. Treasury funds would be used to pay Plaintiff's claim under the SFIP, ABICOF also correctly contends that Plaintiff's claim for interest is preempted by federal law. *See In re Estate of Lee*, 812 F.2d 253, 257 (5th Cir. 1987). Moreover, Plaintiff failed to respond to these arguments raised by Defendant in its motion for summary judgment; thus, summary judgment should be granted as unopposed as to these two issues.

**E. Depreciation**

Even if the Court decided to deny ABICOF's request to dismiss Frank's claims in their entirety, the Court would dismiss Frank's claim for replacement cost value because Article VII(V) of the SFIP entitles her only to actual cash value in recovering damage to her multi-family residence. Plaintiff has not opposed ABCIOF's request for summary judgment as to this issue.

Accordingly, Defendant ABICOF's Motion for Summary Judgment (Rec. Doc. No. 11) is **GRANTED**, dismissing all claims here.

New Orleans, Louisiana, this 5th day of October, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE